Robert A. Nersesian
Nevada Bar No. 2762
Thea Marie Sankiewicz
NevadaBar No.  2788
**NERSESIAN & SANKIEWICZ**
528 South Eighth Street
Las Vegas, Nevada89101
Telephone:  702-385-5454
Facsimile:  702-385-7667
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

**OLGA AKSENOVA**,                              ) Case No.: 2:17-cv-01050-APG-VCF
                                                )
      Plaintiff,                            )
                                                )
vs.                                             )
                                                )
**LAS VEGAS METROPOLITAN POLICE**               )
**DEPARTMENT**, a political subdivision         )
of the State of Nevada; **NEVADA**             )
**PROPERTY  1, LLC**, a foreign Limited         )
Liability Company, d/b/a The Cosmopolitan of    )
Las Vegas; Nicholas Schiermeyer, Jonathan       )
Smith and Shane Koboski, and Does III-XX,       )
                                                )
      Defendants.                           )
_____)

## FIRST AMENDED COMPLAINT AND JURY DEMAND

## FIRST AMENDED COMPLAINT

      NOW COMES Plaintiff, Olga Aksenova ("Plaintiff"), and for her complaint against the defendants, states as follows:

1. Defendant, the Las Vegas Metropolitan Police Department ("LVMPD") is a political subdivision of the State of Nevada, operates in Clark County, Nevada, and employees certain the individuals, Smith and Koboski, named in this complaint.

2. Defendant, Nevada Property 1, LLC ("Cosmopolitan") is a casino, hotel, and event facility, and has its principle place of business in Clark County, Nevada.

3. Nicholas Schiermeyer, at the time of the events herein described, worked for Cosmopolitan in its security department.

4. At the time of the events herein described, Jonathan Smith and Shane Koboski were employed by the LVMPD as officers, and were present and participated in the events described herein.

5. Doe Defendants are the individual security officers and others in the employ of Cosmopolitan who personally undertook the acts described herein. Specifically, they went hands-on with Plaintiff in an offensive manner without legal authority, or materially participated in guarding Plaintiff and holding Plaintiff against her will in Cosmopolitan's premises without legal authority.  They also include the persons who directed the actions of the employees undertaking the detention of the Plaintiff, and persons in the employ of the Cosmopolitan making statements to Smith or Kobeski known to be false by the persons making said statements and impugning the Plaintiff or providing a false authority to support the detention of the Plaintiff. Also included are persons employed by Cosmopolitan managing or directing Schiermeyer and authorizing or ratifying the detention or continued detention of Plaintiff. Plaintiff is not currently not aware of the identity of these individuals, and will amend this complaint as their identities are discovered.

6. Plaintiff was present in Las Vegas, Nevada, at the business operated by Cosmopolitan on April 3, 2016.

7. Plaintiff's presence was in in the nature of a customer at a bar operated by Cosmopolitan within the Cosmopolitan.

8. Plaintiff had been a long-time customer of the Cosmopolitan, living in the neighborhood and working in the neighborhood as a long-time cocktail waitress at Bellagio.

9. Plaintiff also maintained a player's card and account at the Cosmopolitan.

10. Plaintiff had never been given a trespass warning pursuant to NRS 207.200 by the Cosmopolitan, or any Las Vegas business, as of April 3, 2016.

11. While present after work, and having ordered a cocktail, Plaintiff was drinking alone, although at times possibly exchanging conversation with other customers of Cosmopolitan, and proceeding into the gaming area from the bar while not interacting with any other customers or persons at the Cosmopolitan.

12. Plaintiff has never worked, moonlighted, acted as, or otherwise given any indication that she is a prostitute in Las Vegas or any other locale in her entire life.

13. At the time referenced in the preceding allegation, Plaintiff was approached by security personnel of Cosmopolitan, inclusive of Nicholas Schiermeyer, working within the course and scope of his employment as a security employee of the Cosmopolitan.

14. This employee then physically pushed Plaintiff into a garbage can, and forcibly handcuffed her.

15. This handcuffing took place on the casino floor, thusly publishing to numerous customers of the Cosmopolitan, witnessing the activity, that the Plaintiff was a criminal.

16. Plaintiff was not a criminal.

17. Nicholas Schiermeyer then physically escorted Plaintiff into a security holding area, during which Plaintiff was pleading for an explanation of what she had done and what was going on.

18. Not until after she was handcuffed and detained did anyone tell her that the reason she was detained was because she was allegedly violating a prior warning pursuant to NRS

207.200, and throughout the detention, also told that she was detained as a known

prostitute plying her trade on the floor of the Cosmopolitan.

19. The statements of Nicholas Schiermeyer, are patently false, and Plaintiff was not acting

as a prostitute, was not then, and never has been, a prostitute, and had never been

previously given a trespass warning from the Cosmopolitan.

20. Cosmopolitan maintains a trespass database of all persons previously trespassed at the

Cosmopolitan.

21. Nicholas Schiermeyer searched this database after handcuffing, manhandling,

manucapting, and detaining the Plaintiff, and found no record that the Plaintiff had ever

before been trespassed at the Cosmopolitan.

22. Cosmopolitan has a policy and practice that a formal trespass pursuant to NRS 207.200

of an individual from its premises will not be given to a patron until such time as such

action is approved by a supervisor.

23. The supervisor would have discretion to issue or not issue such a directive, which, on

information and belief, is greater than the authority of Nicholas Schiermeyer.

24. The supervisor(s) confirming that Plaintiff be trespassed and also arrested as a prior

trespass would necessarily be apprised of the lack of a prior trespass for a person being

held in the manner in which the Plaintiff was being detained.

25. On information and belief, and on the basis of the strong circumstantial evidence, it is

believed that the supervisor(s) confirming the trespass of the Plaintiff pursuant to NRS

207.200, together with Nicholas Schiermeyer undertaking the post-detention actions

against the Plaintiff, were aware that the Plaintiff had not been previously trespassed, but

authorized the arrest for trespassing of the Plaintiff for the purpose of extricating

themselves and their employer from liability for the obvious intentional torts committed by Nicholas Schiermeyer acting within the course and scope of their employment.

26. The LVMPD has a policy concerning suspected prostitutes that they always search the purses of detainees whenever they are taken into custody by a casino in Las Vegas and LVMPD officers come upon the scene.

27. The search in the preceding paragraph ordinarily occurs illegally and without a warrant.

28. Certain Doe defendants within the course and scope of their employment with Cosmopolitan contacted the LVMPD to address the Plaintiff.

29. Jonathan Smith and Shane Koboski arrived and acting both individually, and within the course and scope of their employment with the LVMPD, participated and continued the detention of the Plaintiff, and during such participation, also searched the Plaintiff's purse without consent and without a warrant. At the time of the search of Plaintiff's purse by the LVMPD officers, the purse was not in the Plaintiff's possession or within her access (Plaintiff was handcuffed), and there was no concern for the safety of the officers relative to the contents of the Plaintiff's purse.

30. When the officers were involved, they were expressly told that Cosmopolitan, through Nicholas Schiermeyer, that the Cosmopolitan only desired that the Plaintiff be given a trespass warning and that the trespass warning be documented, thusly indicating that the Plaintiff had not been subjected to a citizen's arrest.

31. At the time the police officers were informed of the scope of the seizure of the Plaintiff by Cosmopolitan, it was patently evident to the police officers that Plaintiff's detention by the Cosmopolitan was not authorized by law, and that the Plaintiff was being subjected to a criminal and civil false imprisonment by the Cosmopolitan and its personnel.

32. Despite the crime referenced occurring right in front of them, Jonathan Smith and Shane Koboski allowed the false imprisonment of the Plaintiff to continue, and used the same to their benefit to gain further information from the Plaintiff, gain her compliance where no such compliance was legally required, and searched her personal papers and effects in violation of the prohibition of unreasonable searches and seizures under the United States Constitution. They, thusly, materially participated in the continuing detention of the Plaintiff.

33. At the time of the search of the Plaintiff's purse there existed no exigent circumstances authorizing the search.

34. Jonathan Smith and Shane Koboski necessarily recognized that a prior trespass warning, pursuant to policy and practice of the LVMPS, must be confirmed by photo or signature evidence of the prior trespass warning given to a customer of a casino before they will undertake to process a citizen's arrest by a casino on the allegation of trespassing based on the claim of the alleged perpetrator violating a prior trespass warning given under NRS 207.200, and it was evident at all times that Cosmopolitan had no such record.

35. This policy and practice of the LVMPD to require photo or signature evidence is, in part, implemented due to the recognition by the LVMPD that casinos operating in the Las Vegas market will fabricate allegations of prior trespass warnings in order to justify a false imprisonment of a patron.

36. In the detention of the Plaintiff on the property of the Cosmopolitan, Jonathan Smith and Shane Koboski together with Nicholas Schiermeyer and Cosmopolitan, acted in concert and jointly in the invasion of the Plaintiff's purse, in the detention of the Plaintiff, and in all actions subsequent to the arrival of the Shane Koboski and Nicholas Schiermeyer.

37. During Jonathan Smith and Shane Koboski's interaction with the Cosmopolitan and Nicholas Schiermeyer, all acting both individually and within the course and scope of their respective employment, it became obvious that the Plaintiff had not been previously given a trespass warning by Cosmopolitan, such conclusion being supported by the following:

    a. Cosmopolitan could produce no record whatsoever of a prior trespass warning given to the Plaintiff;

    b. Jonathan Smith and Shane Koboski running of an NCIC or similar search of the Plaintiff's history indicated that her record was entirely clean, and totally devoid of any indications that she was a prostitute or a participant in any unsavory element in society;

    c. The Plaintiff's credibility and earnestness in responding to questions by Jonathan Smith and Shane Koboski indicating that she had not committed any of the acts proffered by the Cosmopolitan or its employees;

    d. The failure of the Cosmopolitan and the Nicholas Schiermeyer to have any evidence of any nature indicating that the Plaintiff was a prostitute.

38. Any reasonable police officer in like or similar circumstances would have recognized that, upon being told that the persons detaining the Plaintiff did not desire to make a citizen's arrest, there was no probable cause or legal basis to support a detention, continued detention, or arrest of the Plaintiff, yet Jonathan Smith and Shane Koboski took part in that detention and seizure of the Plaintiff, and used the detention to investigate Plaintiff despite no indication that Plaintiff was reasonably suspected of any criminal activity based on articulable facts.

39. Despite the necessary conclusion in the preceding paragraph, Jonathan Smith and Shane Koboski continued to detain the Plaintiff, with the participation of the Cosmopolitan Doe defendants, all acting in concert and in accord with the policies and practices of their respective employers, the Defendants all continued to detain the Plaintiff well after the time for release of the Plaintiff as demanded by any law or through any legal authority which had then expired.

40. This continued detention following the ability of Smith and Koboski to direct release and undertaken with their participation was without legal authority and contrary to the constitutional right of Plaintiff to be free of unreasonable searches and seizures.

41. As an indication of the continued detention past the time of any assertion of authority to detain,  Jonathan Smith and Shane Koboski, following their determination that there was no basis to arrest the Plaintiff held by Cosmopolitan and knowing that the Cosmopolitan was not seeking the arrest of the Plaintiff, continued the detention taking the time to complete a misdemeanor "warning" issued to the Plaintiff by Jonathan Smith and Shane Koboski while Plaintiff was continuously subjected to the invasive, frightening, and physical detention of handcuffs.

42. As a direct and proximate result of the actions of the Defendants described above, Plaintiff has suffered the following injuries:

    a. Emotional distress;*[1]

    b. Outrage;*

    c. Loss of liberty;

    d. Humiliation;

---

[1] The injuries marked with an "*" are continuing and are unresolved at this time.

Nersesian & Sankiewicz
528 South Eighth Street

8

e.   Mortification;

f.   Loss of reputation;*

g.   Loss of sleep and its attendant discomfort;*

h.   Pain and suffering associated with the cuts, contusions, and myofascial injuries, abrasions suffered;

i.   Mental suffering;*

j.   Loss of liberty;

k.   Lost time and wages associated with the proximate injuries;* and

l.   A general loss of faith in society, justice, and fellow citizens.*

And for these injuries, Plaintiff has been damaged in an amount exceeding $10,000.00 as to each claim for relief set forth below.

43. The acts of the defendants were extreme, outrageous and outside the bounds of all appropriate actions in civil society.

44. For each of the following causes of action, as related to the oppression and malice exhibited by the Defendants, and the fraud exhibited by Cosmopolitan and Nicholas Schiermeyer in falsely asserting that Plaintiff had been previously given a trespass warning by Cosmopolitan, Plaintiff is entitled to punitive damages.

45. Plaintiff was not guilty of any crime, and the crimes allegedly raised were mere misdemeanors which require that any detention by Defendants be for a crime actually committed, and absent such a crime, false imprisonment occurred as no legal authority for the detention existed.

46. The following actions by the Defendants were oppressive and also evince malice as defined under Nevada law:

a.   Handcuffing of the Plaintiff;

b. Holding the Plaintiff in a guarded room;

c. Accusing the Plaintiff of lack of chastity and loathsome conduct;

d. Summoning the police to give the imprimatur of the State to the actions described above, and correlatively, Jonathan Smith and Shane Koboski cooperating in the illegal and tortious actions of the Cosmopolitan and its employees;

e. Invading, without cause or authority, the most private effects of the Plaintiff (purse);

f. Continuing with the detention and seizure of Plaintiff in handcuffs after it became evident to all Defendants that Plaintiff had not been given a previous trespass warning by the Cosmopolitan and also after all were informed that no citizen's arrest was being sought or made; and

g. By all norms in society, following discovery that there was no prior trespass of the Plaintiff by Cosmopolitan and that there were no articulable evidence indicating that the Plaintiff was a prostitute or trespasser, profuse apologies by all the Defendants would have been the expected and proper course. Instead, Plaintiff was provided a warning pursuant to NRS 207.200 and banned from the premises of the entity whose employees had just grievously, and without cause, assaulted, battered and imprisoned the Plaintiff. The only purpose of such an action at that point would be to inflict emotional distress and burdens upon the Plaintiff, thusly evincing malice in fact and malice in law by the Defendants.

## I. FIRST CAUSE OF ACTION—FALSE IMPRISONMENT

47. Plaintiff incorporates ¶¶ 1-46 above as though fully restated herein.

48. The actions of the Defendants and events as described above constitute the false imprisonment of the Plaintiff by the Defendants, all having no legal authority supporting the initial detention and continued detention of Plaintiff.

## II. SECOND CAUSE OF ACTION—VIOLATION OF 42 U.S.C. 1983

49. Plaintiff incorporates ¶¶ 1-48 above as though fully restated herein.

50. The Defendants acted in concert in the continuing seizure of the Plaintiff after the constitutionally required time for release, and also acted in concert in the search of the Plaintiff purse.

51. The participation of the Defendants in concert in holding Plaintiff in manacles constitutes state action and ratification of the actions of the Cosmopolitan and Nicholas Schiermeyer. Further evincing the malice through concerted action, Jonathan Smith and Shane Koboski came upon a patent false imprisonment, battery, and kidnapping of the Plaintiff, and rather than arresting or even charging the evident perpetrators of these misdemeanors and felonies, participated with the perpetrators in further and continuing the injury to Plaintiff.

52. The actions of the Defendants and events as described above constitute the violation Plaintiff's right to be free of unconstitutional searches and seizures.

## III. THIRD CAUSE OF ACTION—DEFAMATION (COSMOPOLITAN)

53. Plaintiff incorporates ¶¶ 1-52 above as though fully restated herein.

54. In handcuffing and asporting the Plaintiff in public without privilege or legal authority, Cosmopolitan, either as its own tort or through *respondeat superior*, and Nicholas Schiermeyer communicated to the numerous persons viewing the interaction that the Plaintiff was a criminal.

**Nersesian & Sankiewicz**
528 South Eighth Street

11

55. Plaintiff is not, and was not, a criminal in any sense concerning the Defendants or otherwise.

56. The publication of criminality associated with Plaintiff by these Defendants constitutes defamation *per se*.

57. The actions of the Defendants as described above constitute the tortious defamation of the Plaintiff

### IV.  FOURTH CAUSE OF ACTION—BATTERY (COSMOPOLITAN)

58. Plaintiff incorporates ¶¶ 1-57 above as though fully restated herein.

59. The actions of Nicholas Schiermeyer and Cosmopolitan, as its own tort or through *respondeat superior*, with an especial reference to the handcuffing as described above, constitute the tortious battery of the Plaintiff by these Defendants.

### V. FIFTH CAUSE OF ACTION—NEGLIGENCE PER SE

60. Plaintiff incorporates ¶¶ 1-59 above as though fully restated herein.

61. In taking the actions stated above towards Plaintiff, Defendants violated NRS 200.460 and NRS 200.481.

62. The referenced statutes envision Plaintiff as a protected person from the activities undertaken by Defendants in violation of said statutes.

63. The violation of these statutes constitutes negligence per se by Defendants.

### SIXTH CAUSE OF ACTION—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COSMOPOLITAN)

64. Plaintiff incorporates ¶¶ 1-63 above as though fully restated herein.

65. In falsely reporting suspected prostitution to the Jonathan Smith and Shane Koboski, the Cosmopolitan, either as its own tort or through *respondeat superior*, and Nicholas Schiermeyer, acting within the course and scope of his employment, recognized that such

Nersesian & Sankiewicz
528 South Eighth Street

12

action, coupled with the proximate force of the state and authority of the police, would elicit extreme emotional distress from the Plaintiff.

66. The continuing physical contact of the handcuffs even after all semblance of a lack of any basis for an arrest became evident was extreme and outrageous, and would be recognized by all Defendants as eliciting extreme emotional distress in the person subject to such treatment.

67. In having Plaintiff be given a trespass warning pursuant to NRS 207.200 for, essentially, being a criminal victim of Cosmopolitan's personnel acting within the course and scope of their employment, and thusly excluded from her regular after-work neighborhood entertainment and burdened unnecessarily and without cause, Defendants clearly intended to inflict emotional distress upon the Plaintiff.

68. The actions of the Defendants constitute intentional infliction of emotional distress.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / / \

## AD DAMNUM

WHEREFORE Plaintiff prays that this court enter its judgment for Plaintiff, and against Defendants, in actual damages on each cause of action in excess of $10,000.00, together with punitive damages (on claims I-IV, VI) determined by the trier of fact, and together therewith, award Plaintiff the interest, costs, and attorney's fees so wrongfully incurred in prosecuting the within action.

DATED this 14th day of June, 2017.

**Nersesian & Sankiewicz**

*/s/ Robert A. Nersesian*
Robert A. Nersesian
Nevada Bar No. 2762
528 S. Eighth Street
Las Vegas, Nevada  89101
Telephone:  702-385-5454
Facsimile:  702-385-7667
Email:  vegaslegal@aol.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff herewith demands trial by jury of all issues so triable in the within case.

Dated this 14th day of June, 2017.

NERSESIAN & SANKIEWICZ

*/s/ Robert A. Nersesian*
Robert A. Nersesian, Esq.
Nevada Bar No. 2762
528 South Eighth Street
Las Vegas, Nevada 89101
Telephone:  702-385-5454
Facsimile:  702-385-7667
Email:  vegaslegal@aol.com
Attorneys for Plaintiff

**Nersesian & Sankiewicz**
528 SOUTH EIGHTH STREET

14

## CERTIFICATE OF SERVICE

In accordance with F.R.C.P. 5, I certify that on the 14th day of June, 2017, a copy of the

foregoing First Amended Complaint and Jury Demand was served upon the following parties via

CMECF filing:

Brianna Smith, Esq.
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, Nevada  89145
*Attorneys for Defendant*
*Las Vegas Metropolitan Police Department*

Martin J. Kravitz, Esq.
Kristopher T. Zeppenfeld, Esq.
Kravitz, Schnitzer & Johnson Chtd.
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada  89123
*Attorneys for Defendant Nevada Property 1, LLC*
*d/b/a The Cosmopolitan of Las Vegas*

*/s/ Rachel Stein*_____
An employee of Nersesian & Sankiewicz

**Nersesian & Sankiewicz**
528 SOUTH EIGHTH STREET

15